UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER ORLOSKI,

    Plaintiff,

v.    Case No. 8:17-cv-1815-T-33AAS

TERRORIST SCREENING CENTER,
ET AL.,

    Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff Christopher Orloski's Motion for Extension of Time and Continuance (Doc. # 13), which was filed on September 19, 2017. As explained below, the Court denies the Motion and dismisses this action without prejudice and with leave to re-file after the exhaustion of all relevant administrative remedies.

**Discussion**

Mr. Orloski initiated this action on July 31, 2017, by filing his Complaint, accompanied by a Motion for Leave to Proceed In Forma Pauperis. (Doc. ## 1, 2). With leave of the Court, Mr. Orloski filed an Amended Complaint. (Doc. ## 10, 12). Mr. Orloski's Amended Complaint is 100 pages in length, and is brought against the Terrorist Screening Center, the National Counterterrorism Center, the Federal Bureau of

Investigation, the director of National Intelligence, and the Florida Department of Law Enforcement. (Doc. # 12).  Among other contentions, Mr. Orloski alleges that various government agencies placed him on a terrorist watch list, which has made airport travel more difficult. Mr. Orloski's Amended Complaint is not divided into counts or numbered paragraphs.  It is a lengthy narrative that includes a list of his favorite films, his hobbies, his life experiences, his desires for revenge, but does not contain a short and plain statement of the claim showing that he is entitled to relief.  This violates the Federal Rules of Civil Procedure - specifically Rules 8 and 10.

Mr. Orloski indicates that by disseminating information about his prior criminal arrest and related court documents, he has been falsely dubbed a terrorist by federal and state agencies.  Mr. Orloski seeks entry of an order requiring Defendants to purge and remove all information about Mr. Orloski from their databases.  He also seeks approximately $50,000,000 in punitive and compensatory damages, among other relief.

The Amended Complaint contains detailed definitions of terms such as "cyber-bullying," "national security," "terrorism," and "national intelligence program."  The Amended

Complaint also provides a comprehensive discussion of Mr. Orloski's mental disability. He explains that he "is diagnosed with schizoaffective disorder" and "experiences delusions of grandeur, including an unshakeable belief that he is an internal affairs officer . . . [who] remotely audits and investigates various intelligence agencies, military agencies, and government bodies . . . using telepathy." (Doc. # 12 at 74). He also states: "From September 2013 to approximately September 2014 Mr. Orloski experienced an extended period of psychiatric illness and traveled from the United States to the United Kingdom and Greece. Mr. Orloski transited Turkey at the Istanbul airport on his way from London to Thessaloniki. In his delusional state, Mr. Orloski generated various absurd and irrational graphical reports on the Greek economy, suspected human trafficking, suspected black ops sites, etc. Mr. Orloski was subsequently hospitalized in London for psychiatric treatment from September 2014 to February 2015 where he was medicated with olanzapine." (Id. at 35-36).

Mr. Orloski included "sample encrypted graphical economic security report that Mr. Orloski produces while in psychosis" in the Amended Complaint. However, the Court finds these images to be troubling, inappropriate, and offensive. (Id. at 36, 38, 39).

Recently, Mr. Orloski filed a "Motion for Extension of Time and Continuance." (Doc. # 13). He seeks a six-month extension of time "to pay the filing fees and to serve process upon Defendants." (Id. at 1). In the Motion, however, Mr. Orloski concedes that he "may have filed this civil action prematurely as he has not exhausted administrative remedies under the Federal Tort Claims Act." (Id.). Notably, the Amended Complaint makes no reference to the Federal Tort Claims Act. Mr. Orloski indicates that he "does not request voluntary dismissal of his complaint" and that he plans to "move the Court for leave to amend his complaint to add a tort claim under the FTCA." (Id. at 3).

The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). The Court recognizes that Mr. Orloski would prefer that the action be stayed for a six-month period for administrative exhaustion, but the Court declines to approve such a lengthy stay at the beginning of the case. This is a Track Two Case that was filed on July 31, 2017. As explained in Local Rule 3.05(c)(2)(E), "It is the goal of the court that a trial will be conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing

of the complaint." Local Rule 3.05(c)(2)(E), M.D. Fla. If the Court were to enter the requested six month stay, the case would lie dormant until March 26, 2018, and would not be on target for a timely adjudication.

Here, Mr. Orloski submits that he filed the Complaint prematurely, he has not exhausted administrative remedies, and he has not yet served any of the named Defendants. Furthermore, he contemplates filing a Second Amended Complaint. And, the Amended Complaint currently on file spans over 100 pages, is not organized into separate paragraphs or counts, and does not comply with the Federal Rules of Civil Procedure. "Any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Rather than stay a complaint that needs to be amended and that is not in compliance with the applicable procedural rules, the best approach available is to dismiss the action without prejudice. Mr. Orloksi may re-file this action after he has exhausted administrative remedies. Under 28 U.S.C. § 2675(a), a federal court may not exercise jurisdiction over a

suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency. See also McNeil v. United States, 508 U.S. 106, 107 (1993)("The Federal Tort Claims Act (FTCA) provides that an action shall not be instituted upon a claim against the United States for money damages unless the claimant has first exhausted his administrative remedies."). If Mr. Orloski chooses to re-file this action, he should be mindful of these specific requirements as well as the dictates of the Federal Rules of Civil Procedure. He should also be careful to omit inappropriate graphic images in his filings. The Court recognizes that Mr. Orloski may have been trying to illustrate the nature of his psychiatric condition by including the images in his Amended Complaint, but these images are not necessary to Mr. Orloski's claims and merely distract from Mr. Orloksi's cause.

Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED:**

(1) Plaintiff Christopher Orloski's Motion for Extension of Time and Continuance (Doc. # 13) is **DENIED.**
(2) This case is dismissed without prejudice.
(3) The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this

2nd day of October, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE